Date Signed:
April 18, 2018



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KAANAPALI TOURS, LLC,<br><br>              Alleged Debtor. | Case No. 17-01296<br>(Involuntary Chapter 11) |

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS

The question is whether the alleged debtor can recover attorney's fees and costs from petitioning creditors after the involuntary bankruptcy petition was dismissed. Because petitioning creditors did not overcome the presumption that they should pay fees and costs upon dismissal of the involuntary petition, I will grant the motion.

I.     BACKGROUND

Kaanapali Tours, LLC ("KTL") was formed in 2009 as single-member, manager-managed, limited liability company ("LLC"). In 2010, Amy Sutherland and Janice Nolan each purchased 50% of the membership units of KTL and appointed themselves the exclusive managers of KTL.

In 2010, KTL borrowed $950,000 from the Sutherland Family Trust to purchase a vessel named the Queen's Treasure. In 2014, KTL borrowed an additional $666,000 from the Sutherland Family Trust.

Ms. Sutherland and Ms. Nolan disagreed about the management and operation of KTL. On September 18, 2017, Ms. Sutherland, on behalf of KTL, filed a complaint in state court against Ms. Nolan, alleging breach of contract and unjust enrichment and seeking to dissolve KTL.

In November 2017, Ms. Nolan borrowed money from petitioning creditors, Ashley Olson, Amy Richards, Shannon Wood, Susan Fernandez, Ken Clark, and Billie Bell, and deposited the checks into KTL's account.[1] Ms. Nolan did not tell Ms. Sutherland about any of the loans, and Ms. Sutherland did not consent to any of them. Ms. Nolan used the proceeds of the loans to retain a bankruptcy attorney for KTL. When Ms. Sutherland found out about the loans, she notified Ms. Nolan to cease and desist from any work purportedly on behalf of KTL,[2] and she told the bankruptcy attorney that she had not authorized a bankruptcy filing for KTL.[3]

On November 20, 2017, Ms. Sutherland filed a motion in state court seeking (a) an injunction restraining Ms. Nolan from entering into loans and (b) the

---

[1] Dkt. 5-22, Dkt. 5-23, Dkt. 5-25, Dkt. 5-26; Dkt. 21-2.

[2] Dkt. 5-24.

[3] Dkt. 5-29.

2

U.S. Bankruptcy Court - Hawaii   #17-01296   Dkt # 62   Filed 04/19/18   Page 2 of 10

appointment of a receiver. The motion was set for hearing for December 18, 2017.

On December 15, 2017, petitioning creditors, Ashley Olson, Amy Richards, Shannon Wood, Susan Fernandez, Ken Clark, and Billie Bell, filed an involuntary bankruptcy petition against KTL.[4] On January 5, 2017, Ms. Sutherland (on behalf of KTL), filed a motion to dismiss the involuntary petition.[5] Subsequently, Privacy Charters, LLC[6] and Ms. Nolan (the other member and manager of KTL)[7] joined in the petition.

After a hearing, the court issued a memorandum decision on the motion to dismiss, finding that none of the petitioning creditors were qualified to maintain an involuntary bankruptcy petition because their claims were subject to a bona fide dispute.[8] Subsequently, the court entered a final judgment dismissing the case.[9]

On February 27, 2018, Ms. Sutherland, on behalf of KTL, filed a motion for attorneys' fees and costs.[10] On March 12, 2018, petitioning creditors filed an

---

[4] Dkt. 1.

[5] Dkt. 5.

[6] Dkt. 35.

[7] Dkt. 37.

[8] Dkt. 41.

[9] Dkt. 42.

[10] Dkt. 48.

opposition to the motion.[11] A hearing on the motion was held on April 9, 2018.

II. STANDARD

Section 303(i) of the Bankruptcy Code states:

If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment -

(1) against the petitioners and in favor of the debtor for -
    (A) cots, or
    (B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for -
    (A) any damages proximately caused by such filing; or
    (B) punitive damages.

When an involuntary petition is dismissed on some ground other than consent of the parties and the debtor has not waived the right to recovery, the alleged debtor's motion for attorneys' fees and costs under section 303(i) raises a rebuttable presumption that reasonable fees and costs are authorized.[12] Any petitioning creditor in an involuntary case should expect to pay the debtor's attorney's fees and costs if the petition is dismissed.[13] Bad faith is not a prerequisite to awarding attorney's fees and costs under § 303(i)(1).[14]

---

[11] Dkt. 56.

[12] *Higgins v. Vortex Fishing Sys., Inc.,* 379 F.3d 701, 707 (9th Cir. 2004).

[13] *Id.*

[14] *Id.* at 706.

4

Section 303(i) is a fee-shifting provision. In deciding whether to award fees, the Ninth Circuit has held that a court must consider the totality of the circumstances, including (1) the merits of the involuntary petition, (2) the role of any improper conduct on the part of the alleged debtor, (3) the reasonableness of the actions taken by the petitioning creditors, and (4) the motivation and objectives behind filing the petition.[15]

## III. DISCUSSION

The parties disagree as to whether (a) Ms. Sutherland had the authority to retain counsel on behalf of KTL; (b) KTL is entitled to recover attorney's fees and costs under the "totality of the circumstances" test; and (c) the petitioning creditors filed the petition in bad faith.

I hold that Ms. Sutherland had the authority to retain counsel as KTL's member and KTL is entitled to recover attorney's fees and costs in the amount of $21,808.63.[16]

### A. Ms. Sutherland had the authority to retain counsel on behalf of KTL

It is undisputed that KTL is a manager-managed LLC and that Ms. Sutherland and Ms. Nolan are the only two members and managers of LLC. I have held that, by

---

[15] *In re S. California Sunbelt Developers, Inc.*, 608 F.3d 456, 462 (9th Cir. 2010).

[16] The petitioning creditors do not object to the reasonableness of the amount.

virtue of KTL's governing documents and Hawaii law, actions by the managers of KTL require an unanimous vote of Ms. Sutherland and Ms. Nolan.[17] Ms. Nolan argues that Ms. Sutherland could not unilaterally cause KTL to retain counsel.

However, Haw. Rev. Stat. § 428-1101 authorizes a member of a limited liability company to assert derivative claims. It provides that "a member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to do so have refused to commence the action or an effort to cause those members or managers to commence the action is not likely to proceed."

In this case, Ms. Sutherland arguably did not "maintain an action in the right of the company." Rather, she defended KTL against an action (the involuntary petition). I conclude that Haw. Rev. Stat. § 428-1101 authorizes a member of an LLC to defend against an involuntary petition in appropriate circumstances. If this was not the case, a deadlocked LLC such as this one would be helpless in the face of an action brought by a member, or brought by others to further one member's agenda. An artificial entity such as an LLC can only appear in court through an attorney. If the other member could not defend the action in the right of the LLC and retain counsel

---

[17] Dkt. 41 at 9, Haw. Rev. Stat. § 428-404(b)(2) ("In a manager-managed limited liability company . . . any matter relating to the business of the company may be exclusively decided by the manager or, if there is more than one manager, by a majority of the managers . . . ."). If there are two managers, a majority vote means a unanimous vote.

to represent the LLC, the LLC would inevitably lose by default. This would give the member commencing the action the ability to impose a result through litigation and a default judgment that it could not achieve through the normal LLC governance procedures. The drafters of the LLC statute could not have intended this absurd result.

It is undisputed that at the time of filing the involuntary petition, KTL was deadlocked. Ms. Sutherland and Ms. Nolan disagreed about the management and operations of KTL. Ms. Sutherland had already filed a complaint in state court seeking to dissolve KTL. Under these circumstances, it would have been futile for Ms. Sutherland to seek approval from Ms. Nolan to retain counsel for KTL and file the motion to dismiss the involuntary bankruptcy petition; after all, Ms. Nolan was one of the petitioning creditors.

Under Haw. Rev. Stat. § 428-1101, Ms. Sutherland, as a member of KTL, had the authority to retain counsel (on behalf of KTL) to defend against the involuntary bankruptcy petition.[18]

### B. Petitioning creditors did not overcome the presumption in favor of an award of fees and costs

I must consider the "totality of the circumstances" to determine whether attorney's fees and costs are warranted, including the following circumstances:

---

[18] This holding is consistent with *In re Westerleigh Dev. Corp.*, 141 B.R. 38 (Bankr. S.D.N.Y. 1992), in which the court held that where a corporation is deadlocked and the debtor is paralyzed, a 50% shareholder has standing to contest the involuntary petition.

<u>The merits of the involuntary petition.</u> This court dismissed the involuntary petition because every petitioning creditor's claim was subject to a bona fide dispute. The petitioning creditors have not appealed this ruling and did not mount a serious challenge to its underlying logic. Therefore, this factor strongly weighs in favor of awarding attorney's fees and costs.

<u>The role of any improper conduct on the part of KTL.</u> This case is a two-party dispute between Ms. Sutherland and Ms. Nolan as to the management and operation of KTL. Ms. Sutherland and Ms. Nolan accused each other of improper conduct. But here the issue is whether KTL's conduct was improper.

In most respects, KTL was a pawn in the battle between its members. Petitioning creditors allege that KTL acted improperly when it made a $50,000 payment to the Sutherland Family Trust on August 26, 2017. This may or may not be a preferential payment, but it is not "improper conduct" in the ordinary sense of that phrase. On balance, this factor weighs in favor of awarding attorney's fees and costs.

<u>The reasonableness of the actions taken by the petitioning creditors and the motivation and objectives behind filing the petition.</u> It is hard to analyze these factors because only two of the petitioning creditors, Ms. Richards and Ms. Nolan, filed declarations.[19] But based on the information available, I determine that these factors

---

[19] Ms. Richards' declaration suggests that she was really advancing the money to Ms. Nolan (not to KTL) to support her and that Ms. Nolan could use it as she saw fit. The declaration also indicates that Ms. Richards had no knowledge of the financial situation of KTL. Dkt. 21-1.

U.S. Bankruptcy Court - Hawaii    #17-01296    Dkt # 62    Filed  04/19/18    Page 8 of 10

weigh in favor of awarding attorney's fees and costs.

The record indicates that all the petitioning creditors provided money to KTL in November 2017, just a month before the filing of the involuntary petition, without any loan documentation or (as far as the record reveals) even an oral agreement as to the loan terms. There is no dispute that the petitioning creditors provided money to KTL, but there is no evidence of the terms on which the money was advanced.

Petitioning creditors knew that Ms. Nolan planned to use the funds to retain a law firm to explore the possibility of filing a bankruptcy petition on behalf of KTL.[20] Petitioning creditors also had knowledge of the pending action seeking the dissolution of KTL in state court.[21] Petitioning creditors knew that they were lending money to aid one side in a flight between the members of a deadlocked, financially troubled company. Petitioning creditors should have known - in fact, they must have known - that they were taking a serious risk. Notwithstanding the information available to them, they filed the petition without being qualified petitioning creditors within the meaning of the Bankruptcy Code.

State law provides a remedy for these situations. Haw. Rev. Stat. § 428-801 allows a member of an LLC to file for dissolution when "[a]nother member has engaged in conduct relating to the company's business that makes it not reasonably

---

[20] Dkt. 56-1.

[21] Dkt. 21-1 at 5.

practicable to carry on the company's business with that members,"[22] or "[i]t is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement."[23] Petitioning creditors basically funded an effort to circumvent the state law procedures to wind up an LLC. They should have known that this was a risky move.

Considering the "totality of circumstances," I hold that petitioning creditors have not overcome the presumption in favor of an award of attorneys's fees and costs in favor of KTL. Considering the amount of effort KTL' counsel put into defending against the involuntary petition and the quality of counsel's work, petitioning creditors should feel fortunate that they only have to pay the modest amount of $21,808,63.

## C. Bad faith

The parties dispute as whether the involuntary petition was filed in good faith. I do not need to reach this issue because the motion is granted on other grounds.

## V. CONCLUSION

The motion is GRANTED.

END OF ORDER

---

[22] Haw. Rev. Stat. § 428(4)(B).

[23] Haw. Rev. Stat. § 428(4)(C).